**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-2340**

MARQUETA WELTON,

             Plaintiff - Appellant,

        v.

DURHAM COUNTY; DURHAM COUNTY BOARD OF COUNTY
COMMISSIONERS; WENDELL DAVIS, in his individual and official capacity;
KATHY EVERETT-PERRY, in her individual and official capacity,

             Defendants - Appellees.

Appeal from the United States District Court for the Middle District of North Carolina, at
Greensboro.  Catherine C. Eagles, District Judge.  (1:17-cv-00258-CCE-JEP)

Submitted:  July 31, 2019                              Decided:  August 28, 2019

Before KING, DIAZ, and RUSHING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Ralph Hayes Hofler, III, HAYES HOFLER, PA, Durham, North Carolina, for Appellant.
Matthew Nis Leerberg, Bradley M. Risinger, Jessica L. Green, FOX ROTHSCHILD LLP,
Raleigh, North Carolina; Danielle Barbour Wilson, THE BANKS LAW FIRM, P.A.,
Research Triangle Park, North Carolina, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Marqueta Welton, a former employee of Durham County, North Carolina ("the County"), commenced this action against the County, County Manager Wendell Davis, and others (collectively, "Defendants"), alleging various forms of retaliation, in violation of the First Amendment and Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C.A. §§ 2000e to 2000e-17 (West 2012 & Supp. 2018). Pursuant to Fed. R. Civ. P. 12(b)(6), the district court dismissed most of the claims raised in Welton's complaint, leaving only the Title VII retaliation claim against the County. Following discovery, the district court granted the County's motion for summary judgment. Welton now appeals, contesting both the summary judgment decision and the dismissal of her First Amendment retaliation claim against all Defendants. For the reasons that follow, we affirm.

"We review de novo the grant of a motion to dismiss for failure to state a claim under Rule 12(b)(6). In so doing, we must accept as true all of the factual allegations contained in the complaint." *Stewart v. Iancu*, 912 F.3d 693, 702 (4th Cir. 2019) (brackets and internal quotation marks omitted). In order for a government employee to maintain a First Amendment retaliation claim based on her employer's efforts to restrict her speech, the employee must allege that she "was speaking as a citizen upon a matter of public concern and not as an employee about a matter of personal interest." *Penley v. McDowell Cty. Bd. of Educ.*, 876 F.3d 646, 654 (4th Cir. 2017) (brackets and internal quotation marks omitted).

2

In 2013, Welton, then a Deputy County Manager, competed against Davis for the open position of County Manager. Welton later withdrew her application, however, clearing the way for Davis's selection. According to her complaint, over the next two years, Welton suffered harassment, humiliation, and other unjust conduct while serving as Davis's deputy. Welton alleged that Defendants retaliated against her for challenging Davis's candidacy and seeking redress for subsequent work-related grievances.

Although free speech protections extend beyond the spoken or written word to include expressive conduct, *see United States v. Hamilton*, 699 F.3d 356, 369 (4th Cir. 2012), the First Amendment does not cover an employee's "general course of conduct" that lacks "an intent to convey a particularized message," *Dennison v. Cty. of Frederick*, 921 F.2d 50, 54 (4th Cir. 1990) (internal quotation marks omitted). Here, based on our review of the complaint's allegations, we agree with the district court's conclusion that Welton merely engaged in a general course of conduct unprotected by the First Amendment. While Welton correctly argues that "[d]iscussion of public issues and debate on the qualifications of candidates for public office" undoubtedly constitute matters of public concern, *Rossignol v. Voorhaar*, 316 F.3d 516, 521 (4th Cir. 2003) (internal quotation marks omitted), the complaint failed to identify any protected conduct—such as "the expression of any idea or opinion" or "the intent to convey a particularized message," *Dennison*, 921 F.2d at 54 (internal quotation marks omitted)—that precipitated the retaliatory acts allegedly committed by Defendants. We also reject Welton's retaliation claim premised on her workplace grievances. *Huang v. Bd. of Governors of Univ. of N.C.*, 902 F.2d 1134, 1140 (4th Cir. 1990) ("[I]t is settled that a public employee's expression of

3

grievances concerning [her] own employment is not a matter of public concern."). Accordingly, we affirm the district court's order dismissing most of Welton's complaint for failure to state a claim.

"We review de novo a district court's grant or denial of a motion for summary judgment, construing all facts and reasonable inferences therefrom in favor of the nonmoving party." *Gen. Ins. Co. of Am. v. U.S. Fire Ins. Co.*, 886 F.3d 346, 353 (4th Cir. 2018). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

"A prima facie case of retaliation requires proof that: (1) the plaintiff engaged in protected activity, (2) she suffered an adverse employment action, and (3) there was a causal connection between the protected activity and the adverse action." *Ray v. Int'l Paper Co.*, 909 F.3d 661, 669 (4th Cir. 2018). In February 2016, Davis, serving as County Manager, informed Welton during an in-person meeting that, pursuant to a reorganization plan, the County would reassign Welton to a position with a much lower salary. Welton registered several objections to the demotion, first by sending two letters to Davis in March and then by filing a formal grievance on April 1. Nevertheless, on April 12, Welton received written notice of her new position and pay rate, which took effect on April 25.

Welton maintains that, because the County did not implement the reorganization plan—which included her reassignment—until April 25, she adequately established a causal connection between her April 1 grievance and her subsequent demotion. We disagree. The record clearly reflects, and Welton does not dispute, that Davis informally

4

advised her of the demotion in February. Even though the change did not occur for a couple months, Davis already had made the decision. Furthermore, Welton fails to identify any evidence suggesting that her protected conduct during the pendency of her demotion caused her to receive an even worse reassignment or an even lower salary. Rather, the evidence shows that Welton's new position and pay rate were consistent with the reassignment information Davis provided during the February meeting. Thus, because Welton's grievance simply had no bearing on the earlier decision to demote her, the district court properly awarded summary judgment to the County.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*